UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MIKE CRAMER, an individual
d/b/a Allstar Books,

    Plaintiff,

v.

RONALD VITALE, YORKSHIRE FOOD
MARKET, CITY OF DETROIT, a municipal
corporation, and CITY OF DETROIT
BOARD OF ZONING APPEALS,

    Defendants.
_____/

Case No. 04-70712

Hon. John Corbett O'Meara

### ORDER AWARDING RULE 11 SANCTIONS
### TO RONALD VITALE AND YORKSHIRE FOOD MARKET
### AND DENYING PLAINTIFF'S MOTION FOR REHEARING

On September 16, 2004, the court issued an order granting Defendants Ronald Vitale and Yorkshire Food Market's motion for summary judgment and motion for Rule 11 sanctions. Consistent with that order, Defendants submitted a bill of costs. The court referred Defendants' bill of costs to Magistrate Judge Majzoub for a determination.

Magistrate Judge Majzoub submitted a report and recommendation to the court on December 10, 2004. Defendants submitted objections to the report and recommendation on December 27, 2004. The court issued an order adopting Magistrate Judge Majzoub's report and recommendation on March 1, 2005. Upon further review, the court vacated that order and rejected the magistrate's report and recommendation on October 18, 2005. The court directed Defendants to resubmit their bill of costs for a determination by this court.

Defendants submitted documentation of their attorney fees and costs on December 27, 2005. Plaintiff filed objections and a motion for rehearing on January 13, 2006. The court will

award Defendants attorney fees as set forth below.

A sanction under Rule 11 may include reasonable attorney fees. "The principal goal of Rule 11 sanctions is deterrence with compensation being a secondary goal." Orlett v. Cincinnati Microwave, Inc., 954 F.2d 414, 419 (6th Cir. 1992).

> In determining an appropriate sanction under amended Rule 11, the court should consider the nature of the violation committed, the circumstances in which it was committed, the circumstances (including the financial state) of the individual to be sanctioned, and those sanctioning measures that would suffice to deter that individual from similar violations in the future. The court should also consider the circumstances of the party or parties who may have been adversely affected by the violation.

Id. at 420. The Sixth Circuit has also stated that "[e]quitable considerations and the 'least severe sanction adequate to serve the purpose' should be factors in the sanction determination." Id. at 420.

In granting Vitale and Yorkshire's motion for sanctions, the court concluded that Plaintiff failed to make a reasonable inquiry with the respect to the facts and law supporting his First Amendment and 42 U.S.C. § 1983 claims against these Defendants. See 8/20/04 TR at 13-17. Plaintiff was unable to provide facts suggesting that Vitale or Yorkshire were state actors under any of the three tests set forth in Tahfs v. Proctor, 316 F.3d 584, 590-91 (6th Cir. 2003) (setting forth circumstances under which a private party can be deemed a state actor). Plaintiff also never identified which of the three Tahfs tests he believed he could satisfy and did not analyze how he could meet any of the tests. In short, Plaintiff provided absolutely no basis for his allegations that Vitale or Yorkshire were state actors. The court found that Plaintiff's First Amendment and § 1983 claims against Vitale and Yorkshire were "groundless" and "irresponsible." 8/20/04 TR at 16.

As a result of Plaintiff's failure to conduct a reasonable inquiry into the facts and law supporting his First Amendment and § 1983 claims against these Defendants, Vitale and Yorkshire were forced to defend this litigation and incurred over $16,000 in attorneys' fees. See Defs.' Documentation of Their Reasonable Attorney Fees and Costs. Vitale is an individual who owns Yorkshire Food Market, a small grocery store in Detroit. Plaintiff is also an individual who owns a bookstore nearby. The court will assume, for the purpose of this opinion, that Plaintiff is of relatively modest financial means.

In light of the facts and circumstances here, including the amount Defendants have expended in defending this case and the lack of factual or legal basis for the claims against them, the court will award attorney fees to Defendants in the amount of $5,000. The court finds that this sanction will accomplish Rule 11's primary goal of deterrence and is the least severe sanction that will serve this purpose. Plaintiff and Plaintiff's attorney shall be jointly and severally liable to Defendants for the amount of sanctions ordered here.

SO ORDERED.

IT IS FURTHER ORDERED that Plaintiff's January 27, 2006 Motion for Rehearing is DENIED.

        s/John Corbett O'Meara
        John Corbett O'Meara
        United States District Judge

Dated:  February 10, 2006